IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY JOSEPH JAQUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWTON CORRECTIONAL FACILITY; )<br>JUSTIN JONES, Director of ODOC, )<br>in his personal and official capacities; )<br>C. CHESTER, Warden, L.C.F., )<br>in his personal and official capacities; )<br>RICK WHITTEN, Security Warden L.C.F., )<br>in his personal and official capacities; )<br>MRS. STOUFFER, Health )<br>Administrator L.C.F., in her personal )<br>and official capacities; )<br>MIKE CARPENTER, Chief of Security )<br>L.A.R.C., in his personal and official )<br>capacities; SGR. BRASHEARS, )<br>Sergeant L.C.F., in his personal and )<br>official capacities; SGT. W. M. BJORK, )<br>Sergeant L.C.F., in his personal and )<br>official capacities; SGT. HILL, Sergeant )<br>L.C.F., in his personal and official )<br>capacities; and SABIER HILDNER, L.C.F., )<br>in his personal and official capacities. )<br>)<br>Defendants. ) | Case No. CIV-11-1066-F |

## **REPORT AND RECOMMENDATION**

The Plaintiff has filed an amended motion for a default judgment with respect to Defendant C. Chester, Rick Whitten, Sgt. Brashears, Mrs. Stouffer, Sgt. Hill, Sgt. Bjork, and Sabine Hildner. The motion should be denied.

The Court ordered "the Defendants to file an answer or motion to dismiss within 60 days of service." Order at p. 2 ¶ 4 (Nov. 4, 2011).[1]  Waivers of service were sent on November 28, 2011, to C. Chester, Rick Whitten. Sgt. Brashears, Ms. Stouffer, Sgt. Hill, W. M. Bjork, and Sabier Hildner.  Under Fed. R. Civ. P. 4(d)(3), the defendants' answers became due 60 days after the waivers had been sent.  The 60th day was January 27, 2012.[2]

Under Federal Rule of Civil Procedure 55(c), a default can be entered when a party who has been served has failed to plead or otherwise defend.  However, prior to the filing of the amended motion for a default judgment, the named parties had filed an entry of appearance and moved for an extension of time to respond to the motion.  The Court had not ruled because the Plaintiff had seven days to respond to the extension request.  However, the Defendants' request for an extension of time and entry of appearance constitute an effort to defend under Rule 55(a), which would prevent an entry of default.  Accordingly, the Court should deny the Plaintiff's amended motion for a default judgment.

The parties can object to this report and recommendation.  To object, the party must file an objection with the Clerk of this Court by February 27, 2012.  *See* Fed. R. Civ. P.

---

[1]  The Plaintiff states that the Court ordered the Defendants "to file a motion to dismiss within (60) days after the first defendant was served." Amended Motion Requesting Relief and Summary Judgement by Default (Feb. 3, 2012).  This statement is incorrect.  The special report was due 60 days after service on a single defendant.  Order at p. 2 ¶ 3 (Nov. 4, 2011).  But each defendant had 60 days, beginning with his own service of process, to file an answer or motion to dismiss.  Order at p. 2 ¶ 4 (Nov. 4, 2011).

[2]  The Defendants have elsewhere stated that their deadline was January 30, 2012.  Motion for Extension of Time (Jan. 30, 2012).  The 60th day from mailing of the waivers (November 28, 2011) was January 27, 2012 - not January 30, 2012.

6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not discharged.

Entered this 9th day of February, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge