## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HENRY JOSEPH JAQUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-1066-F** |
| | ) | |
| **LAWTON CORRECTIONAL FACILITY** | ) | |
| **JUSTIN JONES, Director of ODOC,** | ) | |
| **in his personal and official capacities;** | ) | |
| **C. CHESTER, Warden, L.C.F., in his** | ) | |
| **personal and official capacities; RICK** | ) | |
| **WHITTEN, Security Warden L.C.F.,** | ) | |
| **in his personal and official** | ) | |
| **capacities; MRS. STOUFFER, Health** | ) | |
| **Administrator L.C.F., in her personal** | ) | |
| **and official capacities; MIKE** | ) | |
| **CARPENTER, Chief of Security** | ) | |
| **L.A.R.C., in his personal and official** | ) | |
| **capacities; SGR. BRASHEARS,** | ) | |
| **Sergeant L.C.F., in his personal and** | ) | |
| **official capacities; SGT. W. M. BJORK,** | ) | |
| **Sergeant L.C.F., in his personal and** | ) | |
| **official capacities; SGT. HILL,** | ) | |
| **Sergeant L.C.F., in his personal and** | ) | |
| **official capacities; and SABIER** | ) | |
| **HILDNER, L.C.F., in his personal** | ) | |
| **and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION ON THE MOTION
## TO DISMISS BY DEFENDANTS JONES AND CARPENTER

Invoking 42 U.S.C. § 1983, Henry Jaquez has sued state and private prison officials in their individual and official capacities.[1]  State officials Justin Jones and Mike Carpenter (Defendants) move for dismissal, and the motion should be granted.  For those claims not disposed of through Defendants' motion, the undersigned recommends dismissal on screening.

## I.   Standard for dismissal.

The Defendants urge dismissal based in part on Fed. R. Civ. P. 8(a) and 12(b)(6).[2]  *See* Doc. 39, at 2.

Under Fed. R. Civ. P. 8(a), the Plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the Plaintiff must inform the Defendants about what they had allegedly done to violate federal law.  *See Barfield v. Commerce Bank*,

---

[1]       Page citations to Doc. 1 (Petition) are in sequential order and reflect this court's CMECF pagination.

[2]       Defendants Jones and Carpenter have also cited Fed. R. Civ. P. 12(b)(1) in connection to their argument for Eleventh Amendment immunity in their official capacities.  Doc. 39, at 1, 8.  This rule addresses motions to dismiss based on a "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1). Ultimately, the characterization of Eleventh Amendment immunity would prove immaterial here because the standard under Rules 12(b)(1) and 12(b)(6) is the same when the challenge is based on allegations in the complaint.  *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (construing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) as a facial attack on the allegations in the complaint and applying "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action").

484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, the Defendants must learn "what [they] did to [the plaintiff]; when [they] did it; how [their] action harmed the plaintiff; and, what specific legal right the [P]laintiff believes the [D]efendant[s] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Under Fed. R. Civ. P. 12(b)(6), the Court considers whether the Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

Additionally, the responsibility of the Court in considering a civil complaint filed by a prisoner who, like the Plaintiff, is allowed to proceed in forma pauperis in accordance with 28 U.S.C. §1915(b)(1) is to determine as soon as possible if the cause of action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. §§ 1915A, 1915(e)(2)(B). *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981). This duty to screen the action continues throughout the proceedings, and pursuant

3

to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court must dismiss a cause of action filed in forma pauperis at "any time" the Court determines one of the above is present.   An action "is frivolous when it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The same standard applies under 28 U.S.C. §1915A when a cause of action is filed by a prisoner against a governmental entity or officer or employee of a governmental entity.   The term "frivolous" includes both the "inarguable legal conclusion" and the "fanciful factual allegation."   *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke*, 490 U.S. at 325).   The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii).   *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001).

Finally, this Court liberally construes a pro se Plaintiff's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   But "'[t]he burden remains on the Plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he . . . is entitled to relief.'"   *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## II.   The official capacity claims.

### A.   The Defendants' motion to dismiss the official capacity claims for money damages.

The Defendants seek dismissal of the official capacity claims for money damages based on the Eleventh Amendment.  Doc. 39, at 8.  The Court should grant the motion to dismiss on this basis.

The Eleventh Amendment prevents an award of money damages when the defendant is a state official being sued in his official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that . . . the Eleventh Amendment bars a damages action against a State sued in federal court.  This bar remains in effect when State officials are sued for damages in their official capacity." (citations omitted)).  Thus, in their official capacities, the Defendants enjoy immunity under the Eleventh Amendment on the official capacity claims for monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984).

### B.   Injunctive relief.

Regarding equitable relief, the Plaintiff seeks:   (1) physical and psychological exams, (2) a "special order of investigation," (3) a special diet, and (4) outside recreation.  Doc. 1, at 3, 5.  The Defendants seek dismissal of these requests based on their lack of personal participation in the alleged wrongdoings at the private prison.  The Court should deny the motion on this basis, but

should nevertheless dismiss the request for equitable relief under §
1915(e)(2)(B).

The Defendants seek dismissal of the claims for injunctive relief on
grounds that the Plaintiff has failed to demonstrate that they are personally
involved in ongoing constitutional violations.  Doc. 39, at 9-10.  But the claims
for injunctive relief should be interpreted to include the officers' official
capacities, not only their individual capacities.  *See Brown v. Montoya*, 662 F.3d
1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-
capacity defendants only for money damages and official-capacity defendants
only for injunctive relief." (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)).  The
Defendants' argument is therefore inapplicable.

However, under § 1915, dismissal is appropriate on other grounds.  "'It is
well settled that an injunction must be narrowly tailored to remedy the harm
shown.'"  *ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 752 (10th Cir. 2011)
(citing *Garrison v. Baker Hughes Oilfield Operations,* 287 F.3d 955, 962 (10th
Cir. 2002).  The Plaintiff's vague demands for physical and psychological exams,
a special order of investigation, a special diet, and outside recreation fail to place
the Defendants on notice of what act they are being required to perform.  *See*
11A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2955 (2d ed.)
("These prerequisites [requiring reasonable detail] are designed to protect those

who are enjoined by informing them of what they are called upon to do or refrain from doing in order to comply with the injunction or restraining order."); *see also Carbajal v. Holman*, 485 Fed. Appx. 332, 333 (10th Cir. 2012) ("We conclude that Plaintiff's vague and broad request for further injunctive relief was appropriately dismissed without prejudice).

Further, in a contemporaneous report and recommendation the undersigned has recommended summary judgment or dismissal on all of the Plaintiff's claims except those involving a lack of sheets, blankets, clean clothes, hygiene items, writing supplies, etc. from July 18, 2011, to August 3, 2011.[3] Thus, even assuming that Plaintiff's requests for injunctive relief could be read more specifically, the demands for physical and psychological exams, a special order of investigation, a special diet, and outside recreation are not narrowly tailored to remedy the alleged lack of sheets, blankets, clean clothes, hygiene items and writing supplies.  This is fatal to Plaintiff's request for injunctive relief, and the undersigned recommends summary dismissal of the equitable claims against the Defendants in their official capacities.

---

[3]     *See Jaquez v. Lawton Correctional Facility, et al.*, No. CIV-11-1066-F, Doc.77, §§ III.B.4; III.D.3. (Report and Recommendation on the Motion to Dismiss/Motion for Summary Judgment by the Private Prison Defendants).

III.   **The individual capacity claims for money damages.**

The Defendants also seek dismissal of the individual capacity claims for money damages.  Although the Defendants' motion to dismiss based on Rule 8(a) fails, the undersigned recommends the motion be granted pursuant to Rule 12(b)(6) and § 1915(e)(2)(b).

A.   **The motion to dismiss based on Fed. R. Civ. P. 8(a).**

The Defendants' motion to dismiss based on Fed. R. Civ. P. 8(a) should be denied because the Plaintiff applied an adequate "short and plain statement" of his claim for relief.

Generously construing the Plaintiff's lengthy complaint, he fails to give specific details about some of the underlying conditions at the Lawton Correctional Facility.   But Plaintiff has sufficiently notified Oklahoma Department of Corrections Director Jones that the Plaintiff believes Defendant Jones to be responsible for the alleged unconstitutional conditions of confinement at the private prison facility.  *See* Doc. 1, at 8-11.  And, the Plaintiff has made it clear that he holds Defendant Carpenter responsible for the loss of property and for intentionally attempting to interfere with a lawsuit filed against another entity.   *See id.* at 10-11.   Because the Plaintiff gave the Defendants enough specificity to respond to the allegations, the Court should deny the motion to dismiss on this ground.

8

### B.     The motion to dismiss based on Fed. R. Civ. P. 12(b)(6).

Invoking Fed. R. Civ. P. 12(b)(6), the Defendants argue that the Plaintiff has failed to state a valid claim for relief against either officer in his individual capacity. Doc. 39, at 5-7. The Court should agree with the Defendants' arguments.

### 1.     The claims against Defendant Jones.

The Plaintiff lists Defendant Jones among many other defendants and generally states that "all of these Defendants" "contributed to the violation[s] . . . through approvals, grievances, request to staff complaints, informal conversations, personal acts, appeals process, and not following policy and procedures . . . ." Doc. 1, at 8. However, the Plaintiff acknowledges that Defendant Jones is the ODOC Director and does not allege that Defendant Jones appeared at the Lawton Correctional Facility to perform personal acts of constitutional violations. *See id.*, *passim*. Indeed, elsewhere the Plaintiff describes Defendant Jones' conduct as "approv[ing] policy staff . . . and know[ing] of these type of claims through grievance appeal process." *Id.* at 11. And in his response, the Plaintiff clarifies that Defendant Jones is liable because he "deliberately ignored" "grievances" and because he failed to ensure that Defendant Carpenter was "adequately trained." Doc. 44, at 2-3. Thus, the Court should construe the complaint to impose liability based on Defendant Jones'

failure to respond to grievances and failure to train.  With this interpretation, the Plaintiff has failed to state a valid claim for relief against Defendant Jones.

### a.   Defendant Jones' alleged failure to respond to grievances.

Individual participation is necessary for personal liability under Section 1983.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)). Thus, the defendant "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009).  Allegations that an officer ignored or rejected a grievances does not amount to individual participation.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  "We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by Plaintiff, does not establish personal participation under § 1983." (citations omitted).

The Plaintiff has wholly failed to allege that Director Jones was personally involved in creating the alleged unconstitutional conditions and his potential involvement – through the grievance process – reflects no personal participation under *Gallagher*.  This decision entitles Mr. Jones to dismissal based on his alleged failure to respond to grievances.

10

**b.   Defendant Jones' alleged failure to adequately train Defendant Carpenter.**

In part, the Plaintiff charges Defendant Carpenter with negligently handling the Plaintiff's personal property.  Doc. 1, at 10.  On that claim the Plaintiff argues that Defendant Jones is responsible based on a failure to ensure Defendant Carpenter was adequately trained.  *Id.* at 10; Doc. 44, at 3.  Because the undersigned recommends dismissal of the underlying negligence claim against Defendant Carpenter, the Plaintiff cannot state a valid claim for relief against Defendant Jones on this issue.  *See infra* § III.B.2; *Dodds v. Richardson*, 614 F.3d 1185, 1209 (10th Cir. 2010) (Tymkovich, J., concurring) ("Whether a supervisor has violated the plaintiff's rights is dependent on whether the subordinate violated the Constitution – the supervisor cannot be liable if there was no violation.").

**2.   The claims against Defendant Carpenter.**

In January 2011, the Plaintiff arrived at Lawton Correctional Facility from Lexington Assessment and Reception Center.  Doc. 1, at 2; Doc. 39, at 7.  The Plaintiff alleges that his property was confiscated during that transfer.  Doc. 1, at 10.  The Plaintiff states that Defendant Carpenter was the investigating disciplinary officer and claims that the property was "lost" due to "neglect and failure to follow procedures and policies."   *Id.*   Liberally construing his complaint, the Plaintiff also alleges that the loss of his property was an

"inten[ti]onal" act means to "protect Lincoln County Jail Administrat[o]r from being sued," thus interfering with his access to the courts.  *Id.*

As Defendant Carpenter argues, the claim that he negligently handled the Plaintiff's property fails to state a valid claim for relief under § 1983.  *See Buchanan v. Oklahoma*, 398 Fed. Appx. 339, 342 (10th Cir. 2010) ("Insofar as the prison officials merely acted with simple negligence, that would not be enough to raise due process concerns.").  The undersigned thus recommends dismissal of the Plaintiff's negligence claim.

Defendant Carpenter did not address the Plaintiff's (liberally construed) claim of intentional interference with Court access – nevertheless, the allegation fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  To state a valid claim for relief based on denial of court access, a prisoner must plead an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 531 (1966); *see Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding that to state a claim for denial of a right of access to the Courts, a defendant "'must show that any denial or delay of access to the Court prejudiced him in pursuing litigation'" (quoting *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996)).

The Plaintiff states that his legal property was important because it related to a lawsuit he had filed against a "Lincoln County Jail Administrator." Doc. 1, at 10.  However, the Plaintiff does not allege that the loss of his legal

property actually prejudiced him in the pursuit of that lawsuit.  Accordingly, the Plaintiff has failed to state a valid claim for relief regarding an intentional denial of court access.  *See  Simkins v. Bruce*, 406 F.3d 1239, 1242-43 (10th Cir. 2005) (noting that a plaintiff prisoner alleging denial of access to the Courts based on a failure to receive legal mail must allege intentional conduct interfering with that mail – but not malicious motive – and "actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim") (internal quotation marks and alterations omitted);  *see Martinez v. Owens*, 143 Fed. Appx. 994, at **1 (10th Cir. 2005) (affirming dismissal of legally frivolous "access-to-the-courts claim" under § 1915(e)(2)(B)(ii)); *Purkey v. Green*, 28 Fed. Appx. 736, 741-42 (10th Cir. 2001) (affirming dismissal of intentional denial of access to the Courts claim under § 1915(e)(2)(B)(ii) because "it is apparent that, notwithstanding the Defendants' alleged misconduct, Plaintiff was able to pursue his civil rights claims").

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, the undersigned recommends that:

Defendants' motion to dismiss be granted for failure to state a claim upon which § 1983 relief may be granted and that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The parties are advised of their right to object to this Report and Recommendation by May 13, 2013, in accordance

with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Adoption of this recommendation and the prior recommendation, *see* Doc. 77, will leave several claims remaining against Defendant Rick Whitten.  The undersigned would recommend a new referral for further proceedings relating to those claims.

Entered this 23rd day of April, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE