IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY JOSEPH JAQUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAWTON CORRECTIONAL ) <br> FACILITY; JUSTIN JONES, Director ) <br> of ODOC, in his personal and ) <br> official capacities; C. CHESTER, ) <br> Warden, L.C.F., in his personal and ) <br> official capacities; RICK WHITTEN, ) <br> Security Warden L.C.F., in his ) <br> personal and official capacities; ) <br> MRS. STOUFFER, Health ) <br> Administrator L.C.F., in her personal ) <br> and official capacities; MIKE ) <br> CARPENTER, Chief of Security ) <br> L.A.R.C., in his personal and official ) <br> capacities; SGT. BRASHEARS, ) <br> Sergeant L.C.F., in his personal and ) <br> official capacities; SGT. W. M. ) <br> BJORK, Sergeant L.C.F., in his ) <br> personal and official capacities; ) <br> SGT. HILL, Sergeant L.C.F., in his ) <br> personal and official capacities; ) <br> and SABIER HILDNER, L.C.F., in his ) <br> personal and official capacities, ) <br> ) <br> Defendants. ) | Case No. CIV-11-1066-F |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Plaintiff sues state and private prison officials in their individual and official capacities. United States District Court Judge Stephen P. Friot referred the matter for initial proceedings pursuant to 28

U.S.C. § 636(b)(1)(B), and it is now before the undersigned Magistrate Judge. Based on Plaintiff's failure to comply with the Court's local rules and order, the undersigned recommends that the remaining claims against Defendant Rick Whitten be dismissed without prejudice.

## I. Background.

On June 12, 2013, the Court entered an order adopting two reports and recommendations and granting dismissal and/or summary judgment to all the defendants except Rick Whitten. Docs. 77, 78, 82.[1] On June 21, 2013, Plaintiff's copy of that order was returned as undeliverable. Doc. 83. On July 1, 2013, the Court received notice that yet another order was undeliverable to the address Plaintiff had provided. Doc. 84. The undersigned investigated and discovered that Plaintiff's physical incarceration appears to have ended in June 2013; therefore, the undersigned ordered Plaintiff to supplement his financial information through an updated motion for leave to proceed in forma pauperis and to supply the Court and Defendant Whitten with Plaintiff's current address. Doc. 86. The undersigned granted Plaintiff fifteen days – or until August 31, 2013 – to satisfy the order's requirements and warned Plaintiff that his failure

---

[1] Plaintiff's remaining claims against Defendant Whitten involve an alleged denial of sheets or blankets, hygiene items, clean clothes, and writing supplies from July 18, 2011, to August 3, 2011. *See* Doc. 77, at 36.

to comply could result in dismissal. *Id.* Plaintiff did not respond and has not otherwise contacted the Court since May 1, 2013.

## II. Plaintiff's failure to comply with the Court's rules and order.

Under Fed. R. Civ. P. 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . 'to permit courts to dismiss actions sua sponte . . . .'" (citation omitted)); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (citation omitted)). If dismissal is without prejudice, the Court may enter such an order without first considering a "non-exhaustive list of factors." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.[2]

---

[2] If the statute of limitations has expired, a dismissal without prejudice for failure to prosecute or comply with court rules and orders can have the same practical effect as a dismissal with prejudice. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Here, however, Plaintiff timely commenced this action. Thus, Oklahoma's savings statute would allow Plaintiff one year from the date of this dismissal to recommence his action. *See* Okla. Stat. tit. 12, § 100; *see also Burdex v. Smith*, No. CIV-10-119-D, 2012 WL 1869539, at *3 (W.D. Okla. Apr. 18, 2012) (unpublished recommendation) (finding that because Oklahoma's savings statute would allow the inmate to refile his timely action within one year of dismissal, dismissal without prejudice based on a failure to comply with court orders did not operate as a dismissal with prejudice), *adopted*, 2012 WL 1869411

3

Plaintiff appears pro se; nevertheless, he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). Among those rules is the requirement that Plaintiff *must* notify the Court of any change in address. *See* LCvR5.4(a). Plaintiff has failed to follow this rule, and as a result, he has not received the Court's orders and has not complied with the Court's latest order – Doc. 86.[3] Without Plaintiff's address and the necessary financial information, the Court is unable to decide whether Plaintiff still qualifies to proceed in forma pauperis and Defendant Whitten is left unable to proceed with discovery or otherwise defend against the remaining claims. In other words, Plaintiff's failures have left the Court without the ability "to achieve an orderly and expeditious" resolution of the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution). Accordingly, the undersigned recommends that the Court dismiss the remaining claims against Defendant Whitten without prejudice. *See, e.g., Thorton v. Estep*, 209 F. App'x 755, 757 (10th Cir. 2006) (finding no abuse of discretion in court's dismissal of pro se inmate's action for failure to prosecute on grounds that inmate had failed to keep

---

(W.D. Okla. May 22, 2012) (unpublished order).

[3] "Papers sent by the Court will be deemed delivered if sent to the last known address given to the Court." LCvR5.4(a).

court apprised of his current address); *Lauman v. Corr. Healthcare Mgmt. of Okla., Inc.*, No. CIV-08-137-D, 2008 WL 4147566, at *1-2 (W.D. Okla. Sept. 2, 2008) (unpublished order) (adopting magistrate judge's recommendation to dismiss inmate's complaint without prejudice where prisoner had failed to file a change of address notice, the court's orders were returned as undeliverable, and plaintiff failed to respond to the court's order on the subject).

### III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends dismissing the remaining claims against Defendant Whitten without prejudice. Adoption of this recommendation would moot Plaintiff's motion for appointment of counsel, Doc. 68, and Defendant Whitten's motion for protective order, Doc. 70. The court clerk is directed to send a copy of this order to Plaintiff's last known address.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court October 23, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 3rd day of October, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE