### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY JOSEPH JAQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-11-1066-F |
| | ) |
| LAWTON CORRECTIONAL | ) |
| FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

On October 3, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation, wherein she recommended that the remaining claims against defendant, Rick Whitten, be dismissed without prejudice, pursuant to Rule 41(b), Fed. R. Civ. P., for plaintiff's failure to comply with the court's rules and order. Specifically, plaintiff had failed to supplement his financial information through completion of an updated motion for leave to proceed in forma pauperis and to notify the court and defendant, Rick Whitten, of his current address. Magistrate Judge Mitchell advised the parties of their right to file an objection to the Report and Recommendation by October 23, 2013 and that failure to make a timely objection waives the right to appellate review of both factual and legal questions therein contained.

To date, plaintiff has not filed an objection to the Report and Recommendation and has not requested an extension of time to file an objection. With no objection being filed, the court accepts, adopts and affirms the Report and Recommendation in its entirety.

Upon further review of the record, the court notes that Lawton Correctional Facility was named as a defendant in this action. Lawton Correctional Facility is a

private prison facility owned and operated by Geo Group, Inc.  <u>Carey v. Lawton Correctional Facility</u>, Case No. CIV-07-944-F, 2008 WL 200053 *1 (W.D. Okla. Jan. 24, 2008).  Any claims against it were not addressed in the previous reports and recommendations or in the court's June 12, 2013 order.  The court, nonetheless, concludes that dismissal without prejudice of plaintiff's action against Lawton Correctional Facility is appropriate under 28 U.S.C. § 1915e(2)(B)(ii), in that a detention facility, such as Lawton Correctional Facility, is not a person or a legally created entity capable of being sued.  <u>Aston v. Cunningham</u>, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. 2000), cited as persuasive value pursuant to 10th Cir. 32.1(A); <u>Carey</u>, 2008 WL 200053 * 3 (Lawton Correctional Facility lacks capacity to be sued).

It also appears to the court, upon further review of the record, that the previous reports and recommendations and the court's order of June 12, 2013 did not address the official capacity claims against defendants, C. Chester, Sgt. Brashears, Sgt. Bjork, Sgt. Hill, Mrs. Stouffer and Sabier Hildner, and certain of the official capacity claims against defendant, Rick Whitten.  The report and recommendation addressing the private prison defendants' motion to dismiss/motion for summary judgment stated that the private prison defendants had moved for dismissal and/or summary judgment in their "individual" capacities.  *See*, doc. no. 77, p. 2.  Based upon plaintiff's failure to comply with the court's Local Civil Rules by failing to notify the court of his current address[1] and failure to comply with Magistrate Judge Mitchell's order by failing to complete an updated motion for leave to proceed in forma pauperis, the court also

---

[1] Rule 5.4(a) of the court's Local Civil Rules provides that "[a]ll papers shall contain the name, mailing address, daytime telephone number, . . . if any, of the . . . <u>pro se</u> litigant.  If *any* of this information changes, the . . . <u>pro se</u> litigant must notify the Court by filing the form provided by the Clerk and serving a copy on opposing counsel or <u>pro se</u> parties." LCvR 5.4(a) (emphasis added).  Rule 83(a), Fed. R. Civ. P., provides that a "district court . . . may adopt and amend rules governing its practice."

finds that plaintiff's claims against defendants should likewise be dismissed pursuant to Rule 41(b), Fed. R. Civ. P.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell on October 3, 2013 is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.

Claims 2(b), 3(b), 4 and 6 alleged by plaintiff, Henry Joseph Jaquez, in his complaint against defendant, Rick Whitten, in his individual and official capacities, are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Fed. R. Civ. P., for plaintiff's failure to comply with the court's rules and order.

Plaintiff's action against defendant, Lawton Correctional Facility, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915e(2)(B)(ii).

Plaintiff's claims against defendants, C. Chester, Sgt. Brashears, Sgt. Bjork, Sgt. Hill, Mrs. Stouffer and Sabier Hildner, in their official capacities, and the claims against defendant, Rick Whitten, in his official capacity, other than claims 2(b), 3(b), 4 and 6, are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Fed. R. Civ. P., for plaintiff's failure to comply with the court's rules and order.

In light of the court's ruling, plaintiff's motion for appointment of counsel (doc. no. 68) and defendant, Rick Whitten's motion for protective order (doc. no. 70), are **DENIED** as **MOOT**.

Judgment shall issue forthwith.

DATED November 8, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-1066p004.wpd